UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RINA MALCOLM, | ) | |
|        Plaintiff, | ) | |
| | ) | No. 1:19-cv-927 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| DANIEL RAMSDEN and MAUREEN RAMDSEN, | ) | |
|        Defendants. | ) | |
| | ) | |

## ORDER OF REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Rina Malcolm was struck by a wayward beach umbrella. She alleges her arm and wrist were broken and her elbow was dislocated. Malcolm filed a lawsuit in State court against the couple who failed to properly anchor or otherwise control their umbrella on that windy day. Defendants Daniel and Maureen Ramsden timely filed a notice of removal. Because the notice of removal is deficient, the Court lacks subject-matter jurisdiction over this lawsuit and the matter will be remanded to the Grand Traverse County Circuit Court.

The United States Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citation omitted). Federal courts "possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v Y&H Corp.*, 546 U.S. 500, 506 (2006); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998); *see, e.g., Nowicki-Hockey v. Bank of America*,

*N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014) (involving a removal from State court). Federal courts presume that a cause "lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

Federal courts may exercise subject-matter jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). When a plaintiff files a civil action in State court and when a federal district court would have original jurisdiction over that action, the defendant may remove the action to the district court of the United States for the district where the action is pending. 28 U.S.C. § 1441(a). Congress specified procedures for removing civil actions. *See* 28 U.S.C. § 1446. The Supreme Court has held that § 1446(a) requires the removing party to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Defendants have not established subject-matter jurisdiction in their notice of removal. The complaint alleges the amount in controversy is $25,000, the amount necessary to file a claim in the Michigan circuit courts. The amount alleged in the complaint will not suffice to keep the action in federal court; Plaintiff did not claim that she can recover more than $75,000. More than ten years ago, Judge Richard Posner wrote that federal judges should be "fusspots and nitpickers" when policing subject-matter jurisdiction. *Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 678 (7th Cir. 2006.) Here, the Court need not fuss or nitpick. Defendants' notice of removal is silent concerning the amount in controversy. The notice of removal asserts the diversity of the parties but fails to mention the amount in

controversy. Defendants have not included even a plausible allegation that Plaintiff could recover more than $75,000. *See, e.g., Naji v. Lincoln*, 655 F. App'x 397, 400-01 (6th Cir. 2016) (finding the amount in controversy after an "independent review of the record" and stating that a notice of removal alleging the amount in controversy "might exceed $75,000" was insufficient).

Accordingly, the Court **REMANDS** this action to the Grand Traverse County Circuit Court. **IT IS SO ORDERED.**

Date: November 7, 2019                                        /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge